IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIE NEWBORN                                                          PLAINTIFF

v.                                    Case No. 6:25-cv-6065

AMERICA'S CAR-MART, INC., d/b/a/
Colonial Auto Finance; EXPERIAN
INFORMATION SOLUTIONS, INC.; and
TRANSUNION, LLC                                                        DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 42. Plaintiff Willie Newborn has filed timely objections to the R&R.  ECF No. 43.  The matter is ripe for consideration.

## BACKGROUND[1]

On or about August 27, 2021, Plaintiff entered into an agreement for the purchase of a vehicle from Separate Defendant America's Car-Mart, Inc. ("Car-Mart").  ECF No. 35-1, p. 3-8 ("Purchase Agreement").  Plaintiff returned the vehicle to Car-Mart within seven days due to a mechanical issue.  Plaintiff and Car-Mart entered into a separate agreement in which Plaintiff could return the vehicle and obtain a waiver of his remaining payments in exchange for forfeiture of his down payment for the vehicle.  ECF No. 35-1, p. 9 ("Return Agreement").  Car-Mart subsequently reported the returned vehicle as a repossession to credit reporting agencies.

More than a year after returning the vehicle, Plaintiff learned of Car-Mart's designation of the return as a repossession after self-initiated credit investigations.  Separate Defendant TransUnion, LLC ("TransUnion") reported the vehicle return as a "repossession with derogatory

---

[1] The Court derives the factual background from the allegations within Plaintiff's Complaint.  ECF No. 1.

remarks" and Separate Defendant Experian Information Solutions, Inc. ("Experian") reported the vehicle account as "paid in full with late payments and derogatory remarks."  ECF No. 1, p. 2. Plaintiff repeatedly attempted to dispute the accounts with various credit bureaus and the Consumer Financial Protection Bureau ("CFPB"), but Experian and TransUnion did not correct the alleged errors.  Plaintiff also filed a dozen or more disputes with either the CFPB or the Arkansas Attorney General regarding the reporting of the vehicle returned to Car-Mart, but no change has occurred regarding the disputed credit reporting designation.

On June 27, 2025, Plaintiff, proceeding pro se, filed his Complaint in this Court, asserting jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  Plaintiff's first claim is against Experian and TransUnion for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff alleges that Experian and TransUnion violated the FCRA by not conducting the required reasonable investigation of Plaintiff's credit accounts in response to his complaints and by failing to correct the errors after receiving notice.  Plaintiff's second claim is against Car-Mart, alleging a violation of the FCRA for not reasonably investigating disputes forwarded by credit reporting agencies and for failing to correct inaccurate or misleading information it supplied to credit reporting agencies.  Plaintiff's third claim is against Car-Mart for alleged violations of "UCC § 9-614 and State Consumer Protection Law" tied to Car-Mart's concealment of certain information relevant to the Return Agreement, which "constitutes unconscionable and deceptive conduct under Arkansas law."  ECF No. 1, p. 4.

On October 30, 2025, Plaintiff effectuated service of process on Car-Mart.  ECF No. 30. On November 19, 2025, Car-Mart filed its Motion to Dismiss and Brief in Support (ECF Nos. 33 & 34) and Answer (ECF No. 35).  Car-Mart seeks dismissal on various grounds.  Relevant to this Order, Car-Mart alternatively requests that the Court compel arbitration of this dispute pursuant to

the Purchase Agreement's Arbitration Clause (ECF No. 35-1, p. 5) and stay this matter pending the outcome of arbitration. Plaintiff responded in opposition to Car-Mart's request to compel arbitration. ECF No. 40. On February 23, 2026, Judge Ford issued the instant R&R, which recommends that Car-Mart's motion to compel arbitration be granted and that this matter be stayed while the dispute between Plaintiff and Car-Mart is arbitrated. Plaintiff filed timely objections (ECF No. 43), which the Court finds are sufficiently specific to require a de novo review of the aspects of the R&R to which those objections apply. *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990) (noting that specific objections require a de novo review of an R&R instead of a review for clear error); *see also Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (noting that a court should liberally construe pro se objections to an R&R).

## DISCUSSION

The portion of the Arbitration Clause within the Purchase Agreement that outlines the disputes it applies to reads:

> This Arbitration Clause is an agreement between you and us to arbitrate disputes. "Disputes" has the broadest possible meaning, and includes but is not limited to any and all disputes, claims or controversies, in law or in equity, between you and us relating in any way to the vehicle and arising out of or relating in any way to: (a) the vehicle's condition, warranty, workmanship, servicing, maintenance or repair, (b) the application for and the terms of and enforceability of the sale, lease, or financing of the vehicle, including any deposit arrangement regarding the vehicle, (c) the purchase or terms of any product or coverage, including, without limitation, any warranty, service agreement, GAP protection, debt cancellation agreement (PPP), or any insurance coverage, (d) any claims of breach of contract, misrepresentation, conversion, fraud, or unfair and deceptive trade practices, (e) any claim relating to the advertising or marketing of either the vehicle or the financing for the vehicle; or (f) any claim of a violation of any local, state or federal statute, regulation, ordinance rule.

Arbitration Clause, ¶ 1. It also states "[n]either you or we waive the right to arbitrate under this Arbitration Clause by pursuing a court action, provided that any request by a party to arbitrate must be made within 90 days of any answer or counterclaim by the other party." *Id*. at ¶ 3.

3

Additionally, the "Arbitration Clause shall survive the termination, rescission or payment in full of this contract." *Id*. at ¶ 8.

In making its alternative argument to compel arbitration, Car-Mart contends that the Arbitration Clause demonstrates that its invocation of arbitration is timely, that the Arbitration Clause applies to this dispute, and that the Arbitration Clause survives the termination of the Purchase Agreement. ECF No. 34, p. 7. In response, Plaintiff predominately argues that Car-Mart has waived its right to invoke the Arbitration Clause. ECF No. 40. Plaintiff asserts that the steps Car-Mart has taken to actively litigate this matter function as a general waiver of any right to arbitration and that Plaintiff would be prejudiced by arbitration at this stage of the proceedings. Plaintiff also asserts that the Arbitration Clause does not encompass his claims because they relate to actions Car-Mart took after termination of the Purchase Agreement.

Analyzing Car-Mart's request to compel arbitration, Judge Ford first determined that the Arbitration Clause is enforceable under Arkansas contract principles. Judge Ford them determined that Plaintiff's claims against Car-Mart are disputes that fall within the scope of the Arbitration Clause. Judge Ford reasoned that the claims against Car-Mart are clearly connected to the transaction involving the vehicle and that the alleged deceptive trade practices or violations of state or federal law easily place the dispute within the scope of the Arbitration Clause. Judge Ford then determined that Car-Mart's request to compel arbitration was timely, noting that it filed the motion the same day it filed its Answer. Thus, Judge Ford recommends that Car-Mart's motion to compel arbitration be granted and that this matter be stayed pending the outcome of arbitration.

Objecting to the R&R, Plaintiff first argues that this dispute does not arise out of the Purchase Agreement because his claims against Car-Mart only involve alleged actions or failures occurring after termination of the Purchase Agreement. Plaintiff then argues that Car-Mart has

4

not shown that the Arbitration Clause survives termination of the Purchase Agreement. Lastly, Plaintiff contends that his FCRA claims involve statutory demands placed upon Car-Mart independent of any contractual obligation, which removes the dispute from the scope of the Arbitration Clause.

The Federal Arbitration Act ("FAA") permits "parties to use arbitration, instead of lawsuits, to resolve their disputes." *Triplet v. Menard, Inc.*, 42 F.4th 868, 870 (8th Cir. 2022). "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) (citing 9 U.S.C. § 4). "The FAA promotes a 'liberal federal policy favoring arbitration agreements,' and 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Triplet*, 42 F.4th at 870 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). A written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Therefore, a court's task is to determine 1) if there is an enforceable arbitration agreement, and, if there is, 2) whether the arbitration agreement covers the dispute. *See Foster v. Walmart, Inc.*, 15 F.4th 860, 862 (8th Cir. 2021). "State contract law governs whether a valid agreement to arbitrate exists." *Triplet*, 42 F.4th at 870. If there is a valid arbitration agreement, "the federal substantive law of arbitrability governs whether the litigants' dispute falls within the scope of the arbitration agreement." *Donaldson Co., Inc. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 732 (8th Cir. 2009). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25. "The party resisting arbitration bears the burden of showing either that the arbitration provision is invalid or that it does not encompass the claims

at issue." *Triplet*, 42 F.4th at 870. If a court finds a dispute subject to arbitration, the FAA compels a court to stay the proceedings while arbitration runs its course. *Smith v. Prizzirri*, 601 U.S. 472, 478 (2024) (citing 9 U.S.C. § 3).

The Court finds that Judge Ford's assessment is correct. First, Plaintiff does not dispute that the Arbitration Clause is valid, and the Court is satisfied with Judge Ford's analysis determining that it is valid and enforceable under Arkansas law. Next, the Court is not persuaded by Plaintiff's arguments that his claims against Car-Mart are outside the scope of the Arbitration Clause and that Car-Mart has not shown that the Arbitration Clause survives the termination of the Purchase Agreement. The Arbitration Clause explicitly states that it survives termination of the Purchase Agreement. Arbitration Clause, ¶ 8. Also, the Court views Plaintiff's claims as "relating" to the vehicle subject to the Purchase Agreement because the credit reporting issues underlying his claims are linked to his return of that vehicle and the manner in which Car-Mart characterized the circumstances of that return to credit reporting agencies. Further, his claims explicitly cite the FCRA and alleged violations of Arkansas law as the basis for the claims against Car-Mart. The Arbitration Clause's inclusion of claims pursuant to state or federal law as disputes within its scope clearly encompasses these claims. *Id.* at ¶ 1(f). Finally, the Court finds no indication that the section of the FCRA under which Plaintiff brings one of his claims against Car-Mart, 15 U.S.C. § 1681s-2, exempts any claims pursuant to it from being subject to an arbitration agreement. Considering the liberal federal policy favoring arbitrability, Car-Mart's invocation of a valid arbitration agreement that comfortably encompasses Plaintiff's claims obligates the court to stay this matter and refer Plaintiff's claims to arbitration.[2] *See Triplet*, 42 F.4th at 870.

---

[2] Though not part of his objections, Plaintiff's waiver argument in opposition to Car-Mart's motion is similarly unavailing. He cites no law supporting his waiver assertions and the plain language of the Arbitration Clause renders Car-Mart's motion timely. The initiation of litigation does not waive the right to arbitrate under the Arbitration Clause

6

## CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Ford's R&R (ECF No. 42) in toto.  Accordingly, Separate Defendant Car-Mart's Motion to Compel Arbitration (ECF No. 33) hereby is **GRANTED**.  This entire matter is **STAYED** pending the outcome of arbitration between Plaintiff and Car-Mart pursuant to the Arbitration Clause.[3]

**IT IS SO ORDERED**, this 26th day of May, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge

---

so long as the request to arbitrate comes within ninety days of filing an answer.  *Id*. at ¶ 3.  Car-Mart filed its motion to compel arbitration the same day it filed its answer.  ECF Nos. 33 & 35.

[3] "In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court (or to the state trial court under applicable state procedural rules) as a matter of its discretion to control its docket." *Moses H. Cone*, 460 U.S. at 20 n.23.